DAVID MOWRY v. IRA B. PECK, ADMINISTRATOR OF DAVID
DANIELS.

The report of commissioners upon the estate of a deceased insolvent, is in
the nature of a judgment, ascertaining the sums due from the deceas-
ed at his death, and, from and after that time, interest is allowable on
such sums as upon a judgment.

THIS case was referred to the Judges of the Court by
a rule upon the following agreed statement of facts :
" The estate of David Daniels of Smithfield, upon which
the said Ira B. Peck was duly appointed Administrator
by the Court of Probate of said Smithfield, was by said
Peck represented to said Court as insolvent and com-
missioners were duly appointed by said Court of Probate
to examine and allow claims against said estate accord-
ing to the statute.

David Mowry has claims by note and book-account
against said estate, which were presented before said
commissioners and by them allowed.

The debts and claims allowed by said commissioners
have been paid by said administrator and there still re-
mains certain real estate, undisposed of, which belonged
to the said David Daniels at the time of his decease,
which may or may not be sufficient to pay the interest
on the claims allowed by the commissioners, if it should
be decided, that such claims draw interest, from the
death of the said David Daniels or from the date of their
allowance by said commissioners.

If upon the aforegoing facts, the Court should be of

the opinion that the said David Mowry is entitled to interest upon his said claim or claims, and that the said Ira B. Peck is liable in his said capacity to pay the same out of the real estate aforesaid, then judgment is to be rendered for the said David Mowry for his interest on said claims or a proportional part thereof, to be computed in such manner as the Court shall determine to be legal.

But if the Court decide that the said David Mowry is not entitled to interest on said claims or any part thereof, or that the said Ira B. Peck is not in his said capacity liable to pay the same out of said real estate, then judgment is to be rendered for the said Peck."

THE COURT held that the report of the commissioners was in the nature of a judgment, ascertaining the sums due from the deceased at his death, and that, from and after that time, interest upon such sums was allowable as upon a judgment. And they reported as follows :—

" That the said David Mowry is entitled to recover the interest on the claims allowed by the commissioners on the estate of David Daniels deceased, to the said David Mowry *pro rata* with other claims allowed to other individuals by said commissioners, to be computed from the day of the death of David Daniels to the time of the payment of the principal sum.

And that the said Ira B. Peck is liable in his said capacity, to pay from the said real estate of the said Daniels, now remaining, the interest on the claims allowed by said commissioners *pro rata*, to be computed from the day of the death of David Daniels to the payment of the principal sum, deducting all expenses of administration

and the costs of this suit, which the said David is entitled to recover from said fund."

*Steere,* for the plaintiff.

*Robinson,* for the defendant.