JOSEPH A. HARRIS *et ux.,* Appellants, *vs.* LOUIS L. ANGELL *et als.*

In the report of commissioners upon claims against the insolvent estate of a decedent, each allowance of a claim is a separate judgment in favor of the claimant, although all the allowances be contained in one report.

In case of an appeal under Pub. Stat. R. I. cap. 186, §§ 13, 14, a separate appeal must be taken to each allowance.

When a single appeal was taken to the report of commissioners allowing three claims against the estate of an insolvent decedent:

*Held,* that the appeal was void and could not be amended, as there was nothing to amend.

APPEAL from the report of commissioners on the estate of an insolvent decedent. On motion to dismiss the appeal.

*October* 20, 1888. DURFEE, C. J. This is an appeal from a report of commissioners allowing certain claims against the estate of Frank D. Earle, deceased, said estate having been represented insolvent. Three different claims are allowed to three different persons. The appeal is from the report generally, and from the allowances *en masse.* The appellees move its dismissal on the ground that such an appeal is inadmissible under the statute. Their contention is that, though there is but one report, it nevertheless embraces as many judgments as there are allowances, each allowance being a separate judgment in favor of the cred-

itor, making claim, for the amount allowed.  We think this view
is correct.  See *Mowry* v. *Peck*, 2 R. I. 60.  The record does not
show in what right the appeal was taken, being defective in that
particular, but we think we may safely assume that it was taken
in the right of the female appellant as next of kin.  The statute
which gives an appeal to such persons is Pub. Stat. R. I. cap.
186, § 13.  It provides that any such person who is "dissatisfied
with the allowance by the commissioners of any claim . . . may
appeal from the judgment of such commissioners in respect of
such claim to the Supreme Court."  Clearly it is from the judg-
ment of the commissioners in respect of some particular claim that
the appeal is given, each allowance being recognized as a separate
judgment. ` The next following section proceeds on the same view.
It provides that " the judgment of the Supreme Court respecting
such claim shall ascertain the amount of the same to be added to
or deducted from the report of the commissioners," and that "the
costs of the appeal shall be awarded by the court against either
party, or divided between them, as justice may require, and exe-
cution therefor shall issue accordingly."  The language is appro-
priate to appeals from separate allowances, not to a single appeal
from the report generally, including all the allowances therein.
Moreover, it is contrary to legal usage and reason to oblige several
persons, having their several claims respectively, to litigate them
together, under a single appeal, before either court or jury.  Such
a confusion of distinct matters would be embarrassing to court or
jury as well as to the parties ; and the law makes no provision for
a severance of the different claims into different cases, if such an
appeal were permitted.                              *Motion granted.*

After the above decision this case came again before the court,
as the appellants requested leave to amend the appeal.

*May* 4, 1889.  PER CURIAM.  This is a single appeal from a
report of commissioners on an estate which had been represented
insolvent, allowing three separate claims against the estate in favor
of three different persons.  At a former term the court declared
the appeal invalid, the allowance in each case being in effect a
separate judgment, which, if appealed from, should have been
appealed from separately.  The counsel for the appellants now

moves to amend the appeal by striking out so much as purports to appeal from the allowance of all but one of the claims, thus, as he hopes, validating it.    We do not think the amendment would avail.    The appeal, being originally void, was without effect.    It was as if it had not been taken.    There is nothing which warrants our finding it valid as to one and invalid as to the other two, since it purports to extend to all alike.    It was not defective merely, but a nullity, so that there is nothing here to be amended.

              *Motion dismissed.    Proceeding dismissed as void.*